UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

------------------------------------

| | |
|---|---|
| Appliance Recycling Centers of America, Inc., | File No. 18-CV-2832 (JRT/HB) |
| Plaintiff, | **JOINT STATUS REPORT** |
| v. | |
| Protiviti Inc., | |
| Defendant. | |

------------------------------------

Pursuant to the Court's March 5, 2019 request [ECF No. 31], the parties to the above-captioned case jointly submit the following status report concerning recent development in Hennepin County District Court proceeding *Gray et al v. Cameron et al v. Appliance Recycling Centers of America, Inc.* (Hennepin County Court File No. 27-cv-15-19456) (the "State Court Action").

## I.   PROCEDURAL BACKGROUND

The procedural history of this matter and the State Court Action is discussed in depth in the Parties' briefing on Protiviti's Motion to Dismiss, but the timeline is briefly summarized as follows.

In 2015, a shareholder derivative suit was commenced against ARCA and its officers and directors.  The matter was subsequently settled, and on September 29, 2017, an order for judgment was issued in the State Court Action which contained a release of certain claims against Released Persons (the "Original Judgment").

In January 2018, ARCA commenced suit against Protiviti, which was removed to this Court and assigned file number 18-cv-00702(JRT-HB) (the "Initial Suit").

On July 18, 2018, this Court dismissed the Initial Suit without prejudice, holding that the Original Judgment operated to bar all of ARCA's claims against Protiviti as a Released Person. (Initial Suit, Dkt. 22.) In its corresponding Memorandum Opinion and Order (Dkt. 21), this Court explained that it was entering a dismissal without prejudice because "ARCA may be able to amend or seek relief from the state-court judgment," such that the "state-court judgment might no longer bar" ARCA's action. (*Id*. p. 9.)

On August 17, 2018, a stipulation was filed in the State Court Action, seeking to amend the Original Judgment to exclude Protiviti from the scope of the release.

On August 20, 2018 the Hennepin County District Court approved the stipulation, and an amended judgment was entered on August 28, 2019 (the "Amended Judgment").

On September 12, 2018, Protiviti filed correspondence in the State Court Action raising an objection to the Amended Judgment.

On September 26, 2018, Protiviti filed a notice of Intervention in the State Court Action, seeking to challenge the Amended Judgment.

On October 2, 2018, ARCA filed a complaint [ECF No. 1] in the above-captioned case, reasserting its claims against Protiviti.

On October 25, 2018, Protiviti moved to dismiss the above-captioned case [ECF. Nos. 10-15]. The motion has since been fully briefed by the parties. [ECF Nos. 22, 23, 27-30]. This Court has a hearing scheduled for 2:00 pm on March 18, 2019.

An Objection to Protiviti's Notice of Intervention was filed in the State Court Action on October 26, 2018. The same day, Protiviti immediately filed a Motion to Intervene and a Motion to Vacate Judgment or for Amended Findings in the State Court Action.

## II.     RECENT DEVELOPMENTS

On January 31, 2019, Judge Bruce A. Peterson held oral argument on Protiviti's motions in the State Court Action. On February 15, 2019, Judge Peterson granted Protiviti's Motion to Intervene and also granted Protiviti's Motion to Vacate the Amended Judgment. Judge Peterson reinstated the Original Judgment filed on September 29, 2017, which was the basis of the dismissal in the Initial Suit. Copies of Judge Peterson's orders are attached as **Exhibit A and B**. In his order, Judge Peterson stated that his decision to reinstate the Original Judgment was "conditioned on Protiviti not raising untimeliness as a defense to a renewed motion to amend" the Original Judgment. (Exhibit A, p. 4.) [1]

The parties disagree as to the effect that this order should have on the proceedings before this Court.

## III.    PROTIVITI'S POSITION

Protiviti submits that this matter should be dismissed with prejudice by operation of the Original Judgment, as foreshadowed in Protiviti's supporting motion papers highlighting the impropriety of the Amended Judgment. [ECF No. 12, at pp. 15-16]. As

---

[1] Protiviti has requested reconsideration of this aspect of the Order on its Motion to Vacate the Amended Judgment.

this Court previously held, Protiviti is a "Released Person" under the Original Judgment, and the Original Judgment has now been reinstated by the Hennepin County District Court. It is currently a valid and binding judgment.

As of this writing, 27 days after Judge Peterson's ruling, there are no pending motions in state court to again attempt to amend the Original judgment, no indication of whether or when further motions might be brought, no predictions of timing or success on any such motion if made and no information about whether or when Judge Peterson will reconsider the timing defense issue in his ruling as requested by Protiviti. *See* Minn. R. Civ. P. 60.02 and Fed. R. Civ. P. 60(c)(2) (both stating that a Rule 60 motion does not suspend the operation or affect the finality of the currently operative judgment). There is no reason to believe that a stay of any duration would create certainty as to a final outcome in the state court proceeding. What is certain is that nothing will be resolved in the state court action in 30 days' time, setting aside the capacity of this Court to reschedule a hearing within 30 days. A dismissal "with prejudice" is appropriate because this is the second time that ARCA has brought this suit, and because there are no amendments to the Complaint which could cure the preclusive effect of the Original Judgment. Since the Complaint cannot be maintained in light of the release and the injunction in the Original Judgment which this suit violates to the detriment of Protiviti, a stay would be inappropriate.

If for any reason the Court is not inclined to dismiss this action based on the operation of the Original Judgment, then the Complaint is still subject to dismissal with prejudice for the independent reasons identified in Protiviti's current Motion to Dismiss

[ECF No. 10]. The grounds for Protiviti's Motion to Dismiss are independent of both the Amended Judgment and the Original Judgment. Protiviti opposes any stay or continuance which would delay oral argument or a ruling on Protiviti's motion to dismiss, and needlessly prolong this already protracted litigation.

## IV. ARCA'S POSITION

Since receiving Judge Peterson's orders attached as Exhibits A and B hereto, ARCA has been working diligently to determine whether it will proceed with bringing a new Rule 60.02 Motion in state court to obtain an amended judgment that would allow this lawsuit to proceed. ARCA expects to complete its due diligence and make a final determination as to whether it will file such a motion within the next 30 days.

Accordingly, ARCA respectfully requests that this Court stay this proceeding, including oral argument on the pending motion to dismiss, for 30 days (until April 11, 2019). To the extent necessary or required, ARCA will file a formal Motion to Stay with this Court.

ARCA believes this is the best approach because it will allow ARCA a reasonable opportunity to make decisions about how it will proceed, during which time the parties and the court need not spend time or resources on this matter.

## V. CONCLUSION

The parties are willing to provide any additional information or briefing the Court would find valuable. Thank you for your continued attention to this matter.

                                        Respectfully submitted,

Dated: March 12, 2019        /s/ Sara Siegall
                                        Robert A. Chapman (*admitted Pro Hac Vice*)
                                        Sara Siegall (*admitted Pro Hac Vice*)
                                        CHAPMAN SPINGOLA, LLP
                                        190 South LaSalle Street
                                        Suite 3850
                                        Chicago, Illinois 60603
                                        rchapman@chapmanspingola.com
                                        ssiegall@chapmanspingola.com
                                        Telephone: (312) 606-8665
                                        Facsimile: (312) 630-9233

                                        Attorneys for Plaintiff Appliance Recycling Centers of America, Inc.


Dated: March 12, 2019        /s/ Christopher J. Harristhal
                                        Dayle Nolan (121290)
                                        Christopher J. Harristhal (175754)
                                        John A. Kvinge (0392303)
                                        R. Henry Pfutzenreuter (0391468)
                                        Larkin Hoffman Daly & Lindgren Ltd.
                                        8300 Norman Center Drive
                                        Suite 1000
                                        Minneapolis, Minnesota  55437-1060
                                        (952) 835-3800
                                        dnolan@larkinhoffman.com
                                        charristhal@larkinhoffman.com
                                        jkvinge@larkinhoffman.com
                                        hpfutzenreuter@larkinhoffman.com

                                        Attorneys for Defendant Protiviti Inc.

4844-2072-6153, v. 3