# EXHIBIT A

| | |
|---|---|
| STATE OF MINNESOTA<br>COUNTY OF HENNEPIN | DISTRICT COURT<br>FOURTH JUDICIAL DISTRICT |

David Gray and Michael Boller,
Derivatively and on behalf of Appliance
Recycling Centers of American, Inc.,

      Plaintiffs,

v.

Edward R. Cameron, Jeffrey A. Cammerrer,
Mark G. Eisenschenk, Steve Lowenthal,
Randy L. Pearce, Dean R. Pickerell, Richard
D. Butler, Jr., Brian T. Conners, Dennis
(De) Gao, Tony Isaac, Stanley Goldberg,
and Duane S. Carlson,

      Defendants,

v.

Protiviti Inc.,

      Intervenor,

and

Appliance Recycling Centers of America,
Inc.,

      Nominal Defendant.

**ORDER GRANTING INTERVENOR'S MOTIONS AND REINSTATING JUDGMENT**

File No. 27-CV-15-19456
Judge Bruce A. Peterson

---

      This matter came before the Court on January 31, 2019, upon Protiviti Inc.'s motion to intervene, motion to vacate judgment, and motion to amend the judgment. Attorney David J. Zoll appeared on behalf of Plaintiffs, but did not participate. Attorneys Sara Siegall, Robert A. Chapman, and Dwight G. Rabuse appeared on behalf of Defendants. Attorneys Christopher J. Harristhal and John A. Kvinge appeared on behalf of Protiviti Inc. Based upon the arguments of counsel, the submissions of the parties, and the files and records in the case, the Court makes the

following:

**ORDER**

1. Protiviti Inc.'s ("Protiviti") motion to intervene is **GRANTED**.

    a. "Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Minn. R. Civ. P. Rule 24.01.

    b. Clearly Protiviti has a vested interest to protect here and its interest is not adequately represented by the existing parties. Defendant has a vested interest in its status as a "Released Persons" under the original stipulation and judgment, which would bar claims by Appliance Recycling Centers of American, Inc. ("ARCA") against Protiviti. "'[A]n intended beneficiary's rights do not vest until the third party has either accepted the agreement or detrimentally relied upon it.'" *Minnesota Office Plaza, LLC v. Target Stores, Inc.*, No. A06-1320, 2007 WL 2363875, at *8 (Minn. Ct. App. Aug. 21, 2007) (citations omitted). Here, Protiviti detrimentally relied upon the original stipulation and judgment, and incurred attorneys' fees and costs to successfully confirm its status as a "Released Persons" to successfully defend against ARCA's claims.

2. Protiviti's motion to vacate judgment is **GRANTED** and the original judgment, filed September 29, 2017, is **REINSTATED**.[1]

---

[1] In its motion filings, Protiviti also moved in the alternative to amend the judgment to reinstate

a. "The decision whether relief is warranted under Rule 60.02 is committed to the sound discretion of the district court and is based upon all the surrounding circumstances of each case." *Cole v. Wutzke*, 884 N.W.2d 634, 637 (Minn. 2016). "We have long stated that relief should be granted where the movant affirmatively satisfies four requirements: (1) a 'reasonable defense on the merits' or, as relevant here, a 'debatably meritorious claim'; (2) a reasonable excuse for his or her failure or neglect to act; (3) that he or she 'acted with due diligence' after learning of the error or omission; and (4) that 'no substantial prejudice will result to the other party.'" *Id.* (citing *Charson v. Temple Israel*, 419 N.W.2d 488, 491-92 (Minn. 1988) (quoting *Finden v. Klass*, 128 N.W.2d 748, 750 (Minn. 1964))). "[A] debatably meritorious claim is one that, if established at trial, presents a cognizable claim for relief." *Id.* at 638 (citation omitted).

b. Protiviti has a "debatably meritorious" claim. Protiviti has an important interest in its status as a "Released Person" under the original stipulation and judgment, which would bar claims by ARCA against Protiviti. As stated above, Protiviti has presented authority that this interest has vested because of its reliance on the original settlement.

c. Protiviti had no opportunity to oppose the amendment because it was not given notice of the amended stipulation and amended judgment until after the judgment had been amended. No hearing was held where Protiviti could have opposed the amendment of the judgment.

---

the original judgment. However, Protiviti's motion to amend is moot because its motion to vacate judgment is granted and the original judgment is reinstated.

d. Protiviti acted with due diligence after learning of the error. Protiviti was notified of the amended stipulation and amended judgment on August 28, 2018. On September 12, 2018, Protiviti filed correspondence with the Court to challenge the amended stipulation and amended judgment.

e. Vacating the amended judgment will not result in substantial prejudice to Defendants. No witness or evidentiary problems have been identified. The only substantial prejudice discussed by the parties is whether Defendants will be able to timely move again to amend the judgment. Defendants contend they will able to do so. There would be substantial prejudice if Protiviti successfully opposed such a motion as untimely. Accordingly, this order is conditioned on Protiviti not raising untimeliness as a defense to a renewed motion to amend, and Defendants may seek reconsideration of this order if Protiviti does so.

Dated: February 15, 2019					**BY THE COURT:**

                                                                       Bruce A. Peterson
                                                                       Judge of the District Court